IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AVERY HUTCHESON and ) | |
| DANYELLE HUTCHESON, ) | |
| ) | Case No. 6:14-cv-03499-DPR |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CERTAIN COUNTS OF COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), pursuant to Fed. R. Civ. P. 12(b)(6), has moved the Court to dismiss Counts I-IV of the Complaint of Plaintiffs Avery Hutcheson and Danyelle Hutcheson ("Plaintiffs") for failure to state a claim on which relief can be granted. Plaintiffs' Counts I and II allege discrimination in connection with the servicing of a mortgage loan to Plaintiffs but Plaintiffs' dismissal of a prior lawsuit against Chase in October 2013 waived these claims as a matter of law and they are not able to be prosecuted in the current action. Plaintiffs' Count III negligence allegations fail to state a claim because lenders do not owe tort duties generally in Missouri towards borrowers. Plaintiffs' Count IV contract allegations fail to state a claim because Chase was not a party to any contract as described by Plaintiffs. Chase separately has answered Plaintiffs' Count V for alleged unjust enrichment.

**INTRODUCTION**

Accepting their allegations as true solely for the purposes of this motion, Plaintiffs allege that Chase improperly serviced their mortgage loan by falsely increasing the escrow charges that covered Plaintiffs' payments of homeowner's insurance and real estate taxes.

In particular, Plaintiffs allege that they became aware in June 2009 that the escrow portion of their monthly mortgage payments had increased. Plaintiffs waited over a year later to advise Chase that Plaintiffs' investigation of the actual charges for insurance and taxes showed that the increased escrow payments were inaccurate. Plaintiffs claim that Chase nevertheless treated their loan as in default and refused to accept payments. Plaintiffs do not allege that a foreclosure sale has ever occurred.

## ARGUMENT

Dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles Mo., 244 F.3d 623, 627 (8th Cir. 2001). The standard governing Rule 12(b)(6) motions is well settled:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal quotations omitted). To overcome a Rule 12(b)(6) motion requires pleading "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When determining whether a claim is plausible on its face, courts accept all well-pled allegations contained in the complaint as true. Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). However, it is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of 'entitlement to relief.'"  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557).  Indeed, if the court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed.  <u>Iqbal</u>, 556 U.S at 679.  Further, even if the Court gives a liberal construction to a complaint, the pleading "must not be conclusory and must state specific facts which, when taken as true, state a claim as a matter of law."  <u>Beasley v. State of Missouri</u>, No. 1:04-CV-173CAS, 2005 WL 2206110, at *2 (E.D. Mo. Sept. 12, 2005).

### A. **Plaintiffs' Discrimination Claims are Time-Barred.**

Counts I and II of the Complaint assert claims for disability discrimination and disability accommodation under the Missouri Human Rights Act ("MHRA").  In its text, the MHRA includes a statute of limitations governing claims under the Act:  "[a]ny action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party."  Mo. Rev. Stat. § 213.111.1.

On November 28, 2012, the Missouri Commission on Human Rights ("Commission") issued Plaintiffs a Notice of Right to Sue.  *See* Complaint, at ¶ 9.  On February 25, 2013, eighty-nine days later or one day shy of the expiration of the statutory 90 days, Plaintiffs filed their original Complaint in Greene County, Missouri Circuit Court.  <u>Id</u>. at ¶ 10.

Plaintiffs' original action was thus timely filed under the MHRA.  Plaintiffs voluntarily dismissed that action on October 18, 2013.  *See* Complaint, at ¶ 12.  Plaintiffs subsequently refiled their action in Greene County Circuit Court on October 10, 2014.

In the Complaint, Plaintiffs allege that Missouri's Savings Statute prevents their action from being barred under the MHRA statute of limitations.  *See* Complaint, at ¶ 13.  The

savings statute provides that "[i]f any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit[1] . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered…." Mo. Rev. Stat. § 516.230. However, it is well established—under both federal and Missouri precedent—that the Savings Statute applies only to those actions specifically identified in the text of the statute. *See* Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867-68 (8th Cir. 2005) ("[T]he Missouri Savings Statute only applies to actions 'prescribed in sections 516.010 to 516.370' of the Missouri Revised Statutes."); Deviries v. Prudential-Bache Sec., Inc., 805 F.2d 326, 328 (8th Cir. 1986) ("By its terms § 516.230 applies to extend only those actions covered by the statutes of limitation found in §§ 516.010-516.370."); Toomes v. Cont'l Oil Co., 402 S.W.2d 321, 324 (Mo. 1966) ("[S]ection 516.230 is not a general procedural statute. Its application is limited to causes of action, limitations for which are prescribed by section 516.010 to section 516.370."); Stine v. Kansas City Terminal Ry. Co., 564 S.W.2d 619, 620-21 (Mo. App. KC.D 1978) ("The very language of [section] 516.230 . . . renders it inapplicable to appellant's FELA action.").

The statute of limitations for MHRA claims is not prescribed by section 516.010 to section 516.370; rather, it is prescribed by section 213.111.1. Plaintiffs' claims under the MHRA thus fall outside the coverage of Missouri's Savings Statute.

The Missouri Court of Appeals recently addressed this very issue—whether Missouri's Savings Statute applies to MHRA claims. Davison v. Dairy Farmers of Am., Inc., No. WD77151, 2014 WL 4815657 (Mo. App. W.D. Sept. 30, 2014). There, the employee timely

---

[1] Missouri courts have interpreted the term "nonsuit" in Missouri's Savings Statute as including the "voluntary dismissal without prejudice of an action by a plaintiff." Garoutte v. Farmers Mut. Ins. Co. of Lawrence Cnty., 823 S.W.2d 526, 530 (Mo. App. S.D. 1992). Thus, Plaintiffs' voluntary dismissal of their action constituted a nonsuit within the meaning of the Savings Statute.

filed a lawsuit against her employer under the MHRA. Id. at *1. The employee then voluntarily dismissed her lawsuit, but refiled within a year of the dismissal. Id. The employer moved to dismiss, alleging that the employee's claims were barred by the statute of limitations for MHRA claims. Id. The employee argued that Missouri's Savings Statute permitted her to refile within one year of voluntary dismissal. Id. The trial court dismissed the action with prejudice. Id. Holding that the Savings Statute does *not* apply to claims under the MHRA, the Missouri Court of Appeals reasoned:

> While the MHRA has its own statute of limitations in section 213.111.1, the MHRA does not contain a savings statute. We will not read a savings statute into the MHRA where no such provision is written. Nor will we assume that the legislature intended section 516.230 to apply to MHRA claims in the absence of a provision in the MHRA to that effect.

Id. at *4.

The only proper conclusion under both Davison and other state and federal precedent is that Missouri's Savings Statute does not apply to MHRA claims. Consequently, when Plaintiffs voluntarily dismissed their lawsuit in 2013, the Savings Statute did not operate to provide them another year within which to refile their action. Plaintiffs' claims for disability discrimination and disability accommodation are thus barred by the statute of limitations for MHRA claims under Mo. Rev. Stat. § 213.111.1.

In the context of a motion to dismiss, courts have held that where, as here, the facts alleged establish that the claims are barred by the applicable statute of limitations, dismissal pursuant to Rule 12(b)(6) is appropriate. Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004) ("Generally, a motion to dismiss may be granted when a claim is barred under a statute of limitations."); Teel v. Am. Steel Foundries, 529 F. Supp. 337, 340 (E.D. Mo. 1981) ("[A] complaint may properly be dismissed on motion for failure to state a claim when the allegations

in the complaint affirmatively show that the complaint is barred by the applicable statute of limitations."). Therefore, the Court should dismiss Counts I and II of Plaintiffs' Complaint.

B. **Plaintiffs' Negligence Allegations Fail to State a Claim.**

Plaintiffs claim that Chase "owed [them] a duty to use ordinary care" in handling Plaintiffs' mortgage payments and administering their escrow account. The claim fails as a matter of Missouri law. Indeed, "[i]n any negligence action, the plaintiff must establish the existence of a duty on the part of the defendant to protect plaintiff from injury, failure of the defendant to perform that duty and that plaintiff's injury was proximately caused by defendant's failure." Newcomb v. St. Louis Office for Mental Retardation & Dev. Disabilities Resources (MR/DD), 871 S.W.2d 71, 73 (Mo. App. E.D. 1994). However, like most jurisdictions, Missouri courts have long held that banking entities do not owe duties to non-customers. Under Missouri law, the relationship between a lender and a borrower is one of contractual obligation, not one of duty in tort. Wood & Huston Bank v. Malan, 815 S.W.2d 454, 458 (Mo. App. W.D. 1991). Missouri courts repeatedly have described the creditor/debtor relationship as "contractually adversary," not involving any duty by the creditor to act on behalf of or in the best interests of the debtor. Accordingly, Plaintiffs' claim for negligence is not viable.

C. **Plaintiffs' Breach of Contract Allegations Fail to State a Claim.**

Plaintiffs allege they are borrowers on a mortgage loan held and serviced by Chase. "In Missouri, mortgage documents [] consist of a note and deed of trust .…" Hargis v. JLB Corp., 357 S.W.3d 574, 576 n. 2 (Mo. banc. 2011). Neither Plaintiffs' Note nor Deed of Trust are contracts, however, and this renders Count IV of the Complaint for breach of contract unviable. Indeed, "[i]t is elementary that a cause of action for the breach of a contract presupposes the existence of a legally enforceable contract—no contract, no breach; and hence

no cause of action for breach of contract." Taggart v. School Dist. No. 52 Carroll County, 339 Mo. 223, 225, 96 S.W.2d 335, 336 (Mo. 1936); Keveney v. Mo. Military Academy, 304 S.W.3d 98, 104 (Mo. banc. 2010) ("A breach of contract action includes the following essential elements: (1) the existence and terms of a contract .…").

Rather than a bilateral contract with obligations running to two or more parties,[2] Plaintiffs' Note is a unilateral contract, a negotiable instrument under RSMo. § 400.3-104, executed by Plaintiffs and no one else. "A unilateral contract is one where only one of the parties makes a promise." Leeson v. Etchison, 650 S.W.2d 681, 684 (Mo. App. W.D. 1983). "The 'classic' unilateral contract is one in which one party promises to pay another party for services [] which the other party may supply at his discretion." Klamen v. Genuine Parts Co., 848 S.W.2d 38, 40 (Mo. App. E.D. 1993).

The Note does not reflect a promise by anyone other than Plaintiffs as maker of the Note.[3] "'Maker' is defined as '[o]ne who signs a note to borrow and, as such, assumes obligation to pay note when due.'" F.D.I.C. v. Indian Creek Warehouse, J.V., 974 F. Supp. 746, 750 (E.D. Mo. 1997), aff'd, 143 F.3d 1111 (8th Cir. 1998). (citation omitted). "The contract liability *of the maker of a note* is unconditional and absolute. *The maker* engages to pay the instrument according to its tenor…." Landmark KCI Bank v. Marshall, 786 S.W.2d 132, 136 (Mo. App. W.D. 1989) (emphasis added). Thus, the only persons who could breach the Note are Plaintiffs, not Chase. "A unilateral contract is a contract in which 'performance is based on the wish, will, or pleasure of one of the parties.'" Jennings v. SSM Health Care St. Louis, 355 S.W.3d 526, 533 (Mo. App. E.D. 2011) (citation omitted).

---

[2] "[I]f a contract contains mutual promises, such that a legal duty or liability is imposed on each party as a promisor to the other party as a promisee, the contract is a bilateral contract...." Frye v. Speedway Chevrolet Cadillac, 321 S.W.3d 429, 438 (Mo. App. W.D. 2010).

[3] "'Maker' is defined as '[o]ne who signs a note to borrow and, as such, assumes obligation to pay note when due.'" F.D.I.C. v. Indian Creek Warehouse, J.V., 974 F. Supp. 746, 750 (E.D. Mo. 1997), aff'd, 143 F.3d 111 (8th Cir. 1998). (citation omitted).

7

1172742.1\C080519\0376594
Case 6:14-cv-03499-MDH   Document 9   Filed 12/16/14   Page 7 of 9

Plaintiffs' Note is a negotiable instrument under RSMo. § 400.3-104, as Judges Kays, Whipple, Larsen, Phillips, Venters,[4] Federman,[5] and the Eighth Circuit BAP[6] have all held in construing in Missouri law. A unilateral contract—a promise to pay, the Note is a negotiable instrument under Article 3 of the Missouri Uniform Commercial Code. "A mortgage loan is a promissory note and thus a negotiable instrument governed by the U.C.C." Michael D. v. GMAC Mortg., LLC, 763 F. Supp. 2d 1091, 1110 (W.D. Mo. 2011) (*citing* Merz v. First Nat'l Bank of Franklin Cnty., 682 S.W.2d 500, 501-02 (Mo. App. 1984)). The Missouri Court of Appeals held likewise in 2010, ruling that mortgage notes "fall under Missouri's enactment of U.C.C. Article 3." Mitchell v. Residential Funding Corp., 334 S.W.3d 477, 504 (Mo. App. W.D. 2010). Plaintiffs' Note cannot be the basis of a contract claim against Chase.

Like their Note, only Plaintiffs executed their Deed of Trust (attached hereto as Ex. A),[7] and it is a security instrument: a document by which Plaintiffs granted a lien encumbering their fee simple ownership of the property to ensure repayment of the debt of the Note. "Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secure payment on the note by giving the lender the ability to foreclose on the property." Pitman Place Dev., LLC v. Howard Invs., LLC, 330 S.W.3d 519, 536 (Mo. App. 2010) (citation omitted). The lien conveyed by the Deed of Trust was collateral to be foreclosed if Plaintiffs defaulted in repaying the Note. RSMo. § 443.290. The Deed of Trust creates no contractual obligations for Chase. Accordingly, Plaintiffs' Deed of Trust is not the basis of a contract claim against Chase.

---

[4] In re Washington, 468 B.R. 846, 853 (Bankr. W.D. MO 2011), aff'd, No. 11-01278-CV-FJG, 2012 WL 4483798 (W.D. Mo. Sept. 28, 2012).
[5] In re Box, No. 10-20086, 2010 WL 2228289, at **4-5 (Bankr. W.D. Mo. June 3, 2010).
[6] In re Knigge, 479 B.R. 500, 503-04 (8th Cir. BAP 2012).
[7] Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. Mo. 2007) ("In reviewing a motion to dismiss … the court is 'not precluded in [its] review of the complaint from taking notice of items in the public record.'") (citations omitted).

## CONCLUSION

For the reasons set forth above, the Court should dismiss Counts I-IV of Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

**Respectfully submitted,**

**BRYAN CAVE LLP**

By: s/ Jennifer A. Donnelli
    Jennifer A. Donnelli    MO #47755
    1200 Main Street, Suite 3800
    Kansas City, MO 64105
    (816) 374-3200 telephone
    (816) 374-3300 facsimile
    jadonnelli@bryancave.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This certifies that on the 16th day of December 2014, the foregoing was served via the Court's Electronic Case Filing System, which will send notice of the filing to the following counsel of record:

Les Boyle
Les Boyle, LLC
1911 South National Avenue, Suite 303
Springfield, MO 65804

ATTORNEY FOR PLAINTIFFS

s/ Jennifer A. Donnelli
Attorney for Defendant