# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| AVERY and DANYELLE HUTCHESON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 6:14-cv-03499-MDH |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Certain Counts of Complaint (Doc. 8) and Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 26). Defendant states it has no objection to Plaintiffs filing their proposed amended complaint but Defendant "reserves the right to re-assert [its] Fed. R. Civ. P. 12(b)(6) motion as to certain of the claims, a motion that is currently fully briefed and pending before the Court." The claims sought to be dismissed by Defendant are substantially the same under both the original complaint and the amended complaint. Because the Court should deny leave to amend where doing so would be futile, the Court will consider Defendant's motion to dismiss first. *See Bohanna v. Hartford Life & Acc. Ins. Co.*, 848 F. Supp. 2d 1009, 1015 (W.D. Mo. 2012) ("A motion for leave to amend should be denied on the basis of futility where the amended complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).").

After full and careful consideration, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss (Doc. 8) and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for leave to amend (Doc. 26).

## I. BACKGROUND

On October 10, 2014, Plaintiffs filed a petition against Defendant JPMorgan Chase Bank asserting claims for disability discrimination (Count I), disability accommodation (Count II), negligence (Count III), breach of contract (Count IV), and unjust enrichment (Count V) in the context of a mortgage loan. The facts giving rise to this suit, as alleged by Plaintiffs, are as follows.

Plaintiffs financed the purchase of a home through Defendant. In June 2009, Defendant increased Plaintiffs' monthly mortgage payment from $1,238.61 per month to $1,684.09 per month due to a purported increase in the cost of homeowner's insurance and property taxes. Plaintiffs contacted the insurance company and county assessor and discovered that neither their insurance costs nor property tax rates had increased. In July 2010, Plaintiffs informed Defendant that their tax and insurance rates had not increased, and Plaintiffs tendered payment for the actual amount due. Defendant refused to accept the payment and returned Plaintiffs' July 2010 check. When Plaintiffs called to inquire why their July 2010 check had not been cashed, Defendant told Plaintiffs that their home loan was in default and Plaintiffs were required to pay $6,000 plus an additional $1,238.61 before Defendant would accept the July 2010 mortgage payment. Defendant refused, and continues to refuse, to reinstate Plaintiffs' regular monthly payment. Plaintiff Avery Hutcheson suffers from Inclusion Body Myositisa ("IBM"), has been unable to work since October 2007, and is confined to a wheelchair.

Defendant removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[1] Defendant thereafter filed an answer to Count V and moved to dismiss

---

[1] The Court finds subject matter jurisdiction proper under 28 U.S.C. § 1332(a). First, the parties have diverse citizenship – Plaintiffs are citizens of Missouri and Defendant is a citizen of Ohio. Second, Defendant has shown by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. The Court rejects any calculation of amount-in-controversy based on MHRA damages because such damages are not legally recoverable, per

Counts I-IV for failure to state a claim. After full briefing on the issue of dismissal, Plaintiffs filed a motion for leave to file an amended complaint.

## II. STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts assess plausibility based on the allegations as a whole rather than on each allegation in isolation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010). In assessing a 12(b)(6) motion, the court may consider the complaint's allegations as well as "material attached to the complaint and materials that are public records, do not contradict the complaint, or are necessarily embraced by the pleadings." *Jones v. Wells Fargo Home Mortgage*, No. 4:13CV1762 CDP, 2014 WL 307055, at *2 (E.D. Mo. Jan. 28, 2014) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

## III. ANALYSIS

Upon careful consideration, the Court dismisses Counts I, II, and III of Plaintiffs' Complaint and grants Plaintiffs the opportunity to file an Amended Complaint within thirty (30) days of the date of this Order.

---

discussion below. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("an amount . . . is not 'in controversy' if no fact finder could legally award it"); *see also Lamb v. Amalgamated Labor Life Ins. Co.*, 602 F.2d 155, 159 (8th Cir. 1979). However, Defendant also calculated the amount-in-controversy by confirming that Chase accelerated the entire unpaid balance on Plaintiffs' debt (over $150,000) and noting that Plaintiffs allege such acceleration was wrongful, effectively seeking an order to un-accelerate the debt. Based on this latter calculation, the Court finds that Defendant showed by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. Plaintiff presented no evidence or argument to counter this calculation.

### A. Disability Discrimination and Accommodation (Counts I & II)

Plaintiffs allege Defendant discriminated against and denied reasonable and public accommodation to Plaintiffs by reason of Mr. Hutcheson's disability. Count I alleges that "Defendant increased plaintiffs mortgage payment, and refused to reinstate plaintiffs standard payment schedule, by reason of the disability of plaintiff, Avery Hutcheson." Count II alleges that Plaintiffs requested a home loan modification due to Mr. Hutcheson's disability, and Defendant wrongfully denied that request. These counts, as currently pleaded, fail to state a claim.

Plaintiffs assert these claims under the Missouri Human Rights Act ("MHRA") and/or the Americans with Disabilities Act ("ADA").[2] The MHRA provides a private right of action for persons discriminated against on the basis of disability in the context of real estate loans, as Plaintiffs allege here;[3] however, Plaintiffs' claims under the MHRA fail because they are untimely. *See* Mo Rev. Stat. § 213.111.1 ("Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party."). Plaintiffs' right-to-sue letter is dated November 28, 2012 and Plaintiffs did not commence this action until October 10, 2014, which is well beyond the 90-day time limit. Moreover, Plaintiffs cannot avail themselves of the Missouri Savings Statute in this instance, *see* Mo. Rev. Stat. § 516.230, because the savings statute does not apply to MHRA

---

[2] The pleadings do not explicitly state the law under which Plaintiffs bring these claims. Plaintiffs allege they filed a discrimination claim with the Missouri Commission on Human Rights ("MCHR") and they attach to their pleading a right-to-sue letter issued by the MCHR. The original complaint lists the MHRA within its jurisdictional statement whereas the proposed amended complaint lists the ADA. In Plaintiffs' suggestions in opposition to Defendant's motion to dismiss, Plaintiffs argue that they "state claims under both the Missouri Human Rights Act and the American with Disabilities Act ("ADA")."

[3] *See* Mo Rev. Stat. § 213.045.

4

claims.  *Davison v. Dairy Farmers of Am., Inc.*, 449 S.W.3d 81, 84-85 (Mo. Ct. App. 2014).[4] Accordingly, Plaintiffs state no viable claim under the MHRA.

Plaintiffs also fail to state a claim under the ADA.  Plaintiffs did not cite, and the Court is unable to locate, a provision in the ADA that prohibits disability discrimination in the context of real estate loan transactions.  Plaintiffs cite only to 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability in the employment context, and 42 U.S.C. § 12132, which prohibits discrimination on the basis of disability by or involving the services/benefits of a public entity.  Those provisions are clearly inapplicable here because Defendant is not Plaintiffs' employer nor is Defendant a public entity as defined in that statute.[5]  Moreover, Title III of the ADA does not provide relief in this instance because Plaintiffs do not allege discrimination in a place of public accommodation.  *See* 42 U.S.C. § 12182.  Therefore, Plaintiffs fail to state a cognizable claim under the ADA.

Furthermore, even assuming Plaintiffs' discrimination and accommodation claims are covered by other law(s) not explicitly stated in the pleadings, Plaintiffs fail to plead sufficient facts to allow the Court to draw a reasonable inference that Defendant is liable for the misconduct alleged.  *See Gaona v. Town & Country Credit*, 324 F.3d 1050, 1057 (8th Cir. 2003); *see also Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 938 (11th Cir. 2011); *McWilliams v. Chase Home Fin., LLC*, No. 4:09CV609 RWS, 2010 WL 1817783, at *5 (E.D. Mo. May 4, 2010).  Plaintiffs do not allege whether Defendant knew Mr. Hutcheson was

---

[4] The savings statute states: "If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed."  Mo. Rev. Stat. § 516.230.  Here, Plaintiffs argue they filed an analogous petition within 90 days of issuance of the right-to-sue (February 25, 2013), which they voluntarily dismissed without prejudice (October 18, 2013), thereby suffering a non-suit; this action was subsequently commenced within one year of the date of dismissal (October 10, 2014).

[5] "Public entity" is defined as: "(A) any State or local government;(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and(C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)."  42 U.S.C. § 12131.

5

disabled, when or how Defendant learned such information, and/or how other similarly-situated individuals were treated differently. Because Plaintiffs do not plead facts to show more than a mere speculation or possibility that Defendant acted unlawfully, Plaintiffs fail to state a plausible claim.

Based on the foregoing, Defendant's motion to dismiss Counts I and II is hereby **GRANTED**. Plaintiffs are permitted thirty (30) days in which to file an amended discrimination and/or accommodation based claim, should they choose to do so. If Plaintiffs choose to do so, they shall specify the statutory authority under which such claims are brought and include sufficient factual matter to state a plausible claim.

### B. Negligence (Count III)

Plaintiffs allege that Defendant owed Plaintiffs a duty to use ordinary care in (1) the receipt, retention, and application of payments made by Plaintiffs on their home loan, and (2) the management of escrow and suspension accounts maintained on behalf of Plaintiffs. Plaintiffs assert that Defendant was negligent because it breached these alleged duties in a variety of ways.[6] Defendant moves to dismiss Count III arguing that, under Missouri law, the relationship between a lender and borrower is one of contractual obligation, not one of duty in tort; therefore, a tort claim must fail because Plaintiffs cannot establish that Defendant owed a duty to Plaintiffs. Plaintiffs argue that Defendant owed them a fiduciary duty as an agent in escrow. Defendant counters that no explicit escrow agreement exists in this case and none can be implied because Defendant is not a neutral intermediary concerning the escrow funds.

---

[6] Plaintiffs allege Defendant was negligent by: misapplying monies paid by plaintiffs, losing checks tendered by plaintiffs, mishandling escrow and suspension accounts maintained on behalf of plaintiffs, failing to return phone calls from plaintiffs as to the status of mishandled accounts, providing plaintiffs incorrect information as to the status of their accounts, failing to remit payments due third parties on accounts maintained by defendant on behalf of plaintiff, failing to account for discrepancies in the receipt and disbursement of funds from accounts maintained on behalf of plaintiff, and remitting funds from escrow account to unknown parties to reimburse unidentified expenses.

6

The Court agrees with Defendant. Under Missouri law, the relationship between a borrower and lender is that of a debtor and creditor and typically does not constitute a fiduciary relationship. *See Hall v. NationsBank*, 26 S.W.3d 295, 297 (Mo. Ct. App. 2000). In other words, "a lender and borrower ordinarily have a non-fiduciary, arm's-length relationship that does not give rise to a duty that would support a negligence claim." *Caranchini v. Bank of Am., N.A.*, No. 4:10-CV-00672-DGK, 2013 WL 5407206, at *4 (W.D. Mo. Sept. 26, 2013) *aff'd sub nom. Caranchini v. Bank of Am. Nat. Ass'n*, 566 F. App'x 549 (8th Cir. 2014). A "contractual relationship between a lender and borrower alone does not establish a tort duty on the part of the lender." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 900 (8th Cir. 2014). Accordingly, the Court finds that Defendant did not owe Plaintiffs a duty to use ordinary care in the receipt, retention, and application of payments. *See id.* (holding plaintiff failed to state negligence claim for "improperly applying payments, calculating interest and fees, and servicing the loan").

Whether Defendant owes a duty to Plaintiffs as an agent in escrow is a more difficult question. As recognized by Judge Noce of the Eastern District of Missouri, where a mortgage lender/servicer holds funds in escrow for the purpose of paying a borrower's taxes and insurance, the existence of a fiduciary duty under Missouri law is not clear. *Luberda v. Regions Bank*, No. 4:10 CV 1638 DDN, 2011 WL 2600412, at *4 (E.D. Mo. June 29, 2011) *aff'd*, 445 F. App'x 893 (8th Cir. 2011). Typically, where there is an express escrow agreement, the agent's failure to strictly follow the terms of the agreement is a breach of fiduciary duty that constitutes a tort. *S. Cross Lumber & Millwork Co. v. Becker*, 761 S.W.2d 269, 272 (Mo. Ct. App. 1988).

Applying Missouri law, however, the Court finds that Defendant is not an escrow agent. "[B]y definition an escrow agent is not a party to the transaction." *UT Commc'ns Credit Corp. v. Resort Dev., Inc.*, 861 S.W.2d 699, 710 (Mo. Ct. App. 1993). An escrow agent is a "third

7

person" who is "a stranger to the instrument, not a party to it, or a person so free from any personal or legal identity with the parties to the instrument as to leave him free to discharge his duty as a depositary to both parties without involving a breach to either." *A.T. Knopf, Inc. v. Richardson*, 674 S.W.2d 174, 176 (Mo. Ct. App. 1984). An escrow agent is "strictly bound to perform the duties specified in an escrow agreement; neither party can alter the terms of an escrow agreement or forbid an escrow agent from performing his or her duties without the other party's consent." *Rivermont Vill., Inc. v. Preferred Land Title, Inc.*, 371 S.W.3d 858, 863 (Mo. Ct. App. 2012). Here, Defendant is clearly not a disinterested third party strictly performing the duties specified in an escrow agreement. Instead, Defendant is acting in its own self-interest to ensure taxes and insurance premiums are paid on Plaintiffs' property so that Defendant can protect the priority of its lien interest on collateral. Additionally, under the Deed of Trust, Defendant has the ability to waive payment of escrowed funds and/or to raise the monthly escrow payment in accordance with RESPA.[7] Thus, Defendant is not merely a passive enforcer. Based on these observations, the Court holds that Defendant does not owe a fiduciary duty to Plaintiffs as an agent in escrow. *See generally Michels v. Resolution Trust Corp.,* No. CIV. 4-93-1167, 1994 WL 242162, at *4 (D. Minn. Apr. 13, 1994) (finding no fiduciary relationship).

In sum, Plaintiffs' allegations do not support a plausible negligence action because the allegations fail to show a legal duty on the part of Defendant. For this reason, Defendant's motion to dismiss is **GRANTED**. Plaintiffs are not permitted to file an amended negligence claim.

### C. Breach of Contract (Count IV)

Plaintiffs also bring an action for breach of contract. Plaintiffs allege they entered into an agreement with Defendant whereby Plaintiffs agreed to pay a sum certain amount to Defendant

---

[7] *See* Deed of Trust ¶ 3.

8

each month in exchange for a home loan, that Plaintiffs made the agreed-upon sum certain payment each month, that Defendant breached the contract by refusing to accept the sum certain payments, and that Plaintiffs were thereby damaged. Defendant seeks to dismiss Count IV, arguing that Plaintiffs fail to plead the existence of a valid contract. Defendant takes the position that (1) the promissory note is a negotiable instrument that binds only the maker and is governed by U.C.C. Article 3, and (2) the deed of trust is a security instrument that merely secures payment on the note and creates no contractual obligations for Defendant. Plaintiffs respond that "[w]hether the breach of contract claim alleged by plaintiffs sounds in contract or quasi-contract defendants have breached the parties express or implied agreement and may be held liable for that breach under Missouri law."

To bring a cause of action for breach of contract, a plaintiff must allege: (1) the existence and terms of a contract between plaintiff and defendant, (2) that plaintiff performed or tendered performance pursuant to the contract, (3) that defendant breached the contract, and (4) that plaintiff suffered damages due to the breach. *Affordable Communities of Missouri v. Fed. Nat. Mortgage Ass'n*, 714 F.3d 1069, 1075 (8th Cir. 2013) (citing *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)).

Defendant is correct that mortgage notes are considered negotiable instruments governed by U.C.C. Article 3. *See Barnes v. Fed. Home Loan Mortgage Corp.*, No. 5:12-CV-06062-DGK, 2013 WL 1314200, at *4 (W.D. Mo. Mar. 28, 2013) *aff'd*, 550 F. App'x 340 (8th Cir. 2014); *see also Mitchell v. Residential Funding Corp.*, 334 S.W.3d 477, 504 (Mo. Ct. App. 2010), as modified (Feb. 1, 2011). The U.C.C., however, "does not act to the exclusion of the common law absent an express provision within the UCC." *Mitchell*, 334 S.W.3d at 504 (citing Mo. Rev. Stat. § 400.1-103). Additionally, Article 3 states that "[i]f tender of payment of an

9

obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract." Mo. Rev. Stat. § 400.3-603.

Here, Plaintiffs argue that they tendered appropriate payments to Defendant who wrongfully rejected those payments and improperly accelerated Plaintiffs' debt under the terms of the note and/or deed.[8] The Court finds that, contrary to Defendant's assertion, Defendant did have certain obligations under the mortgage documents[9] – for example, to accept proper payments tendered,[10] to charge an appropriate amount of escrow funds in compliance with RESPA,[11] and to provide the appropriate notice in event of acceleration.[12] Construing Plaintiffs' pleadings in the light most favorable to Plaintiffs, Count IV states a viable claim, either for breach of contract by Defendants or for declaratory judgment of non-breach or wrongful acceleration in connection with the terms of the mortgage documents.

---

[8] The Court has limited review of these documents because Plaintiffs attached neither the note nor the deed to their complaints and Defendant submitted only a copy of the deed of trust.

[9] *See generally* Deed of Trust ¶ 20: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that *collects Period Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law*." (emphasis added).

[10] *See, e.g.*, Deed of Trust ¶ 1: "Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with provisions in Section 15. Lender may return any payment or partial payment *if the payment or partial payments are insufficient to bring the Loan current*." (emphasis added).

[11] *See* Deed of Trust ¶ 3: "Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law. . . . Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA. If there is a surplus in Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA."

[12] *See* Deed of Trust ¶ 22: "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

Because the Court cannot conclude that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court **DENIES** Defendant's motion to dismiss Count IV. *See Baryo v. Philip Morris USA, Inc*., 435 F. Supp. 2d 961, 965 (W.D. Mo. 2006) (quoting *McCormick v. Aircraft Mechs. Fraternal Ass'n*, 340 F.3d 642, 644 (8th Cir. 2003)).

## IV. DECISION

Based on the foregoing analysis, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss (Doc. 8) and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for leave to amend (Doc. 26). The Court grants Defendant's motion as to Counts I-III, which are hereby dismissed, and denies Defendant's motion as to Count IV. The Court grants Plaintiffs' motion insofar as it seeks leave to amend but denies Plaintiff's motion insofar as it seeks leave to file the attached amended complaint. Instead, the Court grants Plaintiffs thirty (30) days' leave in which to file an Amended Complaint that takes into account the various rulings in this Order.

**IT IS SO ORDERED**.

Dated: March 26, 2015 */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**