UNITED STATES DISTRICT COURT
WESTERN DISTRICT MISSOURI
Southern Division

**Avery Hutcheson**, and

**Danyelle Hutcheson**, husband and wife,

          *Plaintiffs*,

    **v.**

**JP Morgan Chase Bank**,

          *Defendant*.

Case No. 6:14-cv-03499-MDH

## FIRST AMENDED COMPLAINT

**Come now** plaintiffs, Avery Hutcheson and Danyelle Hutcheson, husband and wife, by their attorney of record, Les Boyle, and for their first amended complaint against defendant, JP Morgan Chase Bank, state:

### Parties

1. Plaintiff, Avery Hutcheson, is a male citizen and resident of the County of Greene, State of Missouri.

2. Plaintiff, Danyelle Hutcheson, is a female citizen and resident of the County of Greene, State of Missouri.

3. Plaintiffs are husband and wife.

4. Defendant, JP Morgan Chase Bank, is a foreign corporation authorized to do business in the State of Missouri, with physical facilities located in the County of Greene, State of Missouri.

1

5. Defendant does business in the County of Greene, State of Missouri, under the names JP Morgan Chase Bank, Chase Home Finance, LLC, and JP Morgan Chase National Services, Inc.

## Jurisdiction and Venue

6. Plaintiffs allege claims against defendant that arose, in whole or part, in the County of Greene, State of Missouri.

7. Plaintiffs reside in, and defendant may be found in, the County of Greene, State of Missouri.

8. Plaintiffs each filed separate complaints of discrimination against defendant with the Equal Employment Opportunity Commission on October 20, 2011.

9. On February 25, 2013 plaintiffs filed the petition in *Avery Hutcheson and Danyelle Hutcheson v. JP Morgan Chase Bank*, in the Thirty-First Judicial Circuit Court, Greene County, Missouri, Case No. 1331-CC00250.

10. On October 18, 2013 plaintiffs filed a nonsuit voluntary dismissal without prejudice pursuant to Mo. R. Civ. Pro. 67.02.

11. Pursuant to Mo. R. Civ. Pro. 67.02, a case dismissed pursuant to a nonsuit voluntary dismissal without prejudice may be refiled within one (1) year of the date of dismissal.

12. Plaintiffs filed this action, in the Circuit Court for Greene County, Missouri, pursuant to Mo. R. Civ. Pro. 67.02, within one (1) year of their nonsuit voluntary dismissal without prejudice.

13. Defendant removed this action to federal court, on the basis of diversity jurisdiction, on November 25, 2014.

## Facts

14.    Plaintiff, Avery Hutcheson, holds a bachelor of science degree in agriculture, and worked as an agricultural products salesperson for more than twenty (20) years.

15.    Plaintiff, Danyelle Hutcheson, is a homemaker, mother of two (2) minor children, and a first grade classroom teacher.

16.    In September 2006 plaintiffs purchased a home located at 1011 South Highway B, East Prairie, Mississippi County, Missouri, where they resided with their two (2) minor children.

17.    Plaintiffs financed the purchase of the East Prairie home through defendant.

18.    Plaintiff, Avery Hutcheson, suffers from inclusion body myositisa, a chronic, progressive, incurable, neuro-muscular disease characterized by muscle inflammation and weakness; its progression is uncertain, and unaffected by any known treatment; its therapy is symptomatic and supportive; its cause is unknown.

19.    In October 2007, as a result of the progression of the disease, plaintiff Avery Hutcheson is disabled, and is now confined to a wheelchair.

20.    Subsequent to the onset of disability of plaintiff Avery Hutcheson, plaintiffs applied for a loan modification with defendant under the federal Home Affordable Modification Program ("HAMP").

21.    In the course of their application for a loan modification with defendant under HAMP, plaintiffs informed defendant that plaintiff Avery Hutcheson is disabled.

## Count 1
Disability Discrimination

**Come now** plaintiffs, and for count 1 of the first amended complaint against defendant, incorporate the above paragraphs, and further state:

22. Defendant is a private entity that holds itself out and offers its services nationwide to the general public and is a public accommodation within the meaning of Title III of the federal Americans with Disabilities Act (ADA).

23. Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. 42 U.S.C. § 12182(a).

24. Title III of the ADA affords a private right of action to "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

25. Congress intended that the ADA serve as a "clear and comprehensive national mandate" to eliminate discrimination against disabled individuals. 42 U.S.C. § 12101(b)(1).

26. Congress intended "clear, strong, consistent, enforceable standards addressing discrimination" against disabled individuals. 42 U.S.C. § 12101(b)(2).
In June 2009 defendant, without notice, explanation or justification, increased the amount due each month on plaintiffs' mortgage from one thousand two hundred thirty-eight dollars and sixty-two cents ($1,238.61) to one thousand six hundred eighty-four dollars and nine cents ($1,684.09).

27. Plaintiffs contacted defendant and asked why their mortgage payment had increased by four hundred forty-five dollars and forty-eight cents ($445.48).

28. Defendant told plaintiff that an increase in the cost of home owners' insurance and property tax rates had resulted in the higher mortgage payment.

29. Plaintiffs contacted the home owners' insurance company and county assessor, and discovered that neither the cost of insurance, nor property tax rates, had increased.

30. In July 2010, plaintiffs informed defendant that neither the cost of home owners' insurance, nor the property tax rates, had increased and plaintiffs tendered a check to defendant in the amount of the actual payment due.

31. Defendant did not cash the July 2010 check, refused tender of the check, and returned the check to plaintiffs.

32. In September 2010 plaintiffs contacted defendant and asked why it refused tender of the July 2010 check.

33. Defendant told plaintiffs that their home loan was in default, and that they must pay six thousand dollars ($6,000.00), plus an additional one thousand two hundred thirty-eight dollars and sixty-one cents ($1,238.61), to defendant before defendant would accept tender of the check in payment of the July 2010 mortgage payment.

34. When plaintiffs tendered their July 2010 check their home loan was current and was not in default.

35. Defendant, though it knew or should have known that plaintiffs home loan was not in default, refused tender of plaintiffs July 2010 check, and continued to demand plaintiffs pay the additional amounts before it would accept tender of the July 2010 check.

5

36. Defendant, though it knew or should have known that plaintiffs' home loan was not in default, failed and refused, and continue to fail and refuse, to accept tender of the July 2010 check, and to reinstate plaintiffs' original payment schedule.

37. Defendant refused to accept tender of the July 2010 check, and to reinstate plaintiffs' original payment schedule, because plaintiff Avery Hutcheson is disabled in that he suffers from inclusion body myositisa and is confined to a wheelchair.

38. Defendant, by its unlawful discriminatory conduct, hastened the physical decline, and decrease in life expectancy, of plaintiff, Avery Hutcheson; and, caused plaintiffs injury in the form of financial loss, insecurity and hardship, emotional distress and mental anquish, and the loss of the enjoyment of life and filial companionship.

39. Defendant acted in a way that was malicious and willful.

40. Punitive damages are necessary to punish defendant, and deter it, and others, from similar conduct.

**Wherefore** plaintiffs, Avery Hutcheson and Danyelle Hutcheson, husband and wife, request the court enter judgment on count 1 of the first amended complaint in their favor and against defendant, JP Morgan Chase Bank, award compensatory damages in an amount fair and reasonable as determined by a jury, punitive damages in an amount sufficient to deter defendant, and others, from similar conduct, attorney fees, costs incurred, and further relief the court deems just.

## Count 2
Disability Accommodation

**Come now** plaintiffs, and for count 2 of the first amended complaint against defendant, incorporate the above paragraphs, and further state:

41. Plaintiffs requested a home loan modification as a result of the disability of plaintiff, Avery Hutcheson.

42. Defendant denied plaintiffs' request for a home loan modification because plaintiff, Avery Hutcheson, is disabled in that he suffers from inclusion body myositisa, and is confined to a wheelchair.

43. Plaintiffs requested that defendant, as a provider of services offered to the general public, accommodate the disability of plaintiff, Avery Hutcheson.

44. Despite the qualification of plaintiffs for the requested modification, and the request for public accommodation, defendant continued to deny the requested modification.

45. Defendant, by its failure to accommodate plaintiffs, hastened the physical decline, and decrease in life expectancy, of plaintiff Avery Hutcheson; and, caused plaintiffs injury in the form of financial loss, insecurity and hardship; emotional distress and mental anquish; and the loss of enjoyment of life and filial companionship.

46. Defendant, by its failure to offer plaintiffs public accommodation, acted in a way that was malicious and willful.

47. Punitive damages are necessary to punish defendant, and deter it, and others, from similar conduct.

**Wherefore** plaintiffs, Avery Hutcheson and Danyelle Hutcheson, husband and wife, request the court enter judgment on count 2 of the first amended complaint in their favor and against defendant, JP Morgan Chase Bank, award compensatory damages in an amount fair and reasonable as determined by a jury, punitive damages in an amount

sufficient to deter defendant, and others, from similar conduct, attorney fees, costs incurred, and further relief the court deems just.

## Count 3
Negligence

**Come now** plaintiffs, and for count 3 of the first amended complaint against defendant, incorporate the above paragraphs, and further state:

48.     Plaintiffs, by reason of the disability of plaintiff Avery Hutcheson, lacked sufficient personal and financial resources to pay the additional amounts demanded by defendant before defendant would accept tender of the July 2010 payment, reinstate plaintiffs original payment schedule and process the home loan modification.

49.     Defendant, with knowledge of the disability of plaintiff Avery Hutcheson, the nature and progression of his disease, his confinement to a wheelchair, his family situation, his mental and physical frailty, and the overall financial vulnerability plaintiffs, through defendants' affirmative representations and promises as to plaintiffs' ability to qualify for a home loan modification, influenced and induced plaintiffs to repose special trust and confidence in defendant, and to entrust the management of their financial assets to defendant.

50.     Defendant, by reason of the special trust and confidence reposed in it by plaintiffs as a result of the influence and inducements of defendant, created a confidential relationship with plaintiffs.

51.     Defendant, by reason of the confidential relationship it created with plaintiffs, acted in a fiduciary or quasi-fiduciary capacity, and owed plaintiffs a duty, because it was reasonably foreseeable that plaintiffs would place their reliance in

defendant to exercise ordinary care and competence in the management of the assets plaintiffs entrusted to defendant.

52. Defendant, in the course of its confidential relationship with plaintiffs, supplied information to plaintiffs that defendant represented to by true and correct.

53. Defendant was negligent because it failed to exercise that degree of ordinary care and competence in its relationship with plaintiffs, and in the management of the assets entrusted to it by plaintiffs, of a reasonable prudent person in that the information supplied to plaintiffs was false.

54. Defendant supplied the information for the guidance of plaintiffs and intended that plaintiffs act on the information and guidance supplied.

55. Defendant was negligent in that, *inter alia*, defendant:

    a. misapplied funds entrusted to it by plaintiffs;

    b. lost checks entrusted to it by plaintiffs;

    c. mishandled and mismanaged funds entrusted to by plaintiffs, and held in escrow on their behalf;

    d. failed to use that degree of care in the communication of information related to plaintiffs funds of a reasonable prudent person;

    e. provided plaintiffs with incorrect information related to the funds entrusted to it by plaintiffs;

    f. failed to apply funds, entrusted to it by plaintiffs and held in escrow on their account, to payments due third parties;

    g. could not account for discrepancies in the receipt and disbursement of funds entrusted to it by plaintiffs and held in escrow on their behalf;

      h.      remitted funds, entrusted to it by plaintiffs, to unknown parties in reimbursement for unidentified expenses.

56.      As the direct and proximate result of the negligence of defendant, plaintiffs were damaged.

57.      Defendant, by its negligence, hastened the physical decline, and decrease in life expectancy, of plaintiff Avery Hutcheson; and, caused plaintiffs injury in the form of financial loss, insecurity and hardship; emotional distress and mental anquish; and the loss of enjoyment of life and filial companionship.

58.      Defendant, by its negligent conduct, acted in a way that was wanton and reckless.

59      Punitive damages are necessary to punish defendant, and deter it, and others, from similar conduct.

**Wherefore** plaintiffs, Avery Hutcheson and Danyelle Hutcheson, husband and wife, request the court enter judgment on count 3 of the first amended complaint in their favor and against defendant, JP Morgan Chase Bank, award compensatory damages in an amount fair and reasonable as determined by a jury, punitive damages in an amount sufficient to deter defendant, and others, from similar conduct, costs incurred, and further relief the court deems just.

### <u>Count 4</u>
Breach of Contract

**Come now** plaintiffs, and for count 4 of the first amended complaint against defendant, incorporate the above paragraphs, and further state:

60. Plaintiffs and defendant entered into an agreement whereby plaintiffs agreed to pay a sum certain amount each month to defendant in exchange for a home loan.

61. Plaintiffs and defendant, by their agreement, formed a bilateral contract whereby plaintiffs agreed to pay, and defendant agreed to accept, the sum certain each month in payment of the amount due under the contract.

62. Plaintiffs tendered, and defendant accepted tender, of the sum certain each month in payment of the amount due under the contract.

63. In July 2010, plaintiffs tendered the sum certain due for the month of July under the contract to defendant, and defendant refused to accept tender of the sum certain amount.

64. Defendant continues to fail and refuse to accept tender of the sum certain payment due for July 2010, or any other sum certain payment tendered by plaintiffs.

65. Defendant, by its failure and refusal to accept the sum certain payments tendered by plaintiffs, breached the contract between the parties.

66. Defendant, by its breach of the contract between the parties, caused plaintiffs to suffer damage.

67. Plaintiff Avery Hutcheson, as the direct, proximate and reasonably foreseeable consequences of defendant's breach of the contract, suffered hastened physical decline and reduced life expectancy; plaintiffs further suffered diminution in the value of the subject real property; financial loss, insecurity and hardship.

68. In addition, and in the alternative, equity demands that defendant by reason of its misconduct forfeit the deficiency, if any, due.

11

Case 6:14-cv-03499-MDH    Document 31    Filed 04/27/15    Page 11 of 14

69. Further, and in the alternative, the misconduct of defendant renders the contract between the parties avoidable by plaintiffs.

**Wherefore** plaintiffs, Avery Hutcheson and Danyelle Hutcheson, husband and wife, request the court enter judgment on count 4 of the first amended complaint in their favor and against defendant, JP Morgan Chase Bank, award compensatory damages in an amount fair and reasonable as determined by a jury, award plaintiffs their attorney fees and costs incurred; in addition, and in the alternative, plaintiffs request the court order that defendant forfeit the deficiency, if any, due; further, and in the alternative, plaintiffs request the court order that the contract between the parties is rescinded; and further relief the court deems just.

## Count 5
Unjust Enrichment

**Come now** plaintiffs, and for count 5 of the petiton against defendant, incorporate the above paragraphs, and further state:

70. Plaintiffs entered into an agreement with defendant whereby plaintiffs agreed to pay, and defendant agreed to accept, a sum certain amount each month in payment for a home loan.

71. Plaintiffs paid the agreed sum certain each month to defendant.

72. Defendant, without cause or justification, demanded an increase in the amounts paid by plaintiffs.

73. Defendant knew, or should have known, at the time it demanded the increased payments, that no cause or justification existed for the increase.

74. Defendant has, without cause or justification, benefited from the retention of payments made by plaintiffs.

75. Defendant's retention of the payments made by plaintiffs is unjust, and has enriched defendant at the expense of plaintiffs.

**Wherefore** plaintiffs, Avery Hutcheson and Danyelle Hutcheson, husband and wife, request the court enter judgment on count 5 of the first amended complaint in their favor and against defendant, JP Morgan Chase Bank, order defendant disgorge all monies due plaintiffs, and decree a constructive trust in favor of plaintiffs on all monies disgorged, award plaintiffs their attorney fees, costs incurred, and further relief the court deems just.

### Jury Trial Demand

76. Plaintiffs demand trial by jury on all applicable counts.

**Wherefore** plaintiffs, Avery Hutcheson and Danyelle Hutcheson, husband and wife, request the court enter judgment on all counts of the first amended complaint in their favor and against defendant, JP Morgan Chase Bank; award compensatory damages in an amount fair and reasonable as determined by a jury; punitive damages in an amount sufficient to deter defendant, and others, from similar conduct; order that defendant forfeit the deficiency, if any, due; in the alternative, adjudge the contract between the parties rescinded; order defendant disgorge all monies due plaintiffs, and decree a constructive trust in favor of plaintiffs on all monies disgorged; award plaintiffs their attorney fees on all applicable counts; costs incurred, and further relief the court deems just.

Respectfully submitted,

LES BOYLE, LLC


  /s/ Les Boyle
Les Boyle
  Missouri Bar No. 38703
National Avenue Office Park
1911 South National Avenue, Suite 303
Springfield, Missouri 65804-2313
(417) 890-9494
(417) 890-9415     Fax
lesboylelaw@gmail.com

*Attorney for Plaintiffs Hutcheson*

## CERTIFICATE OF SERVICE

I certify I served the above document on each party and attorney of record in the above action by electronic mail transmission, via the ECF system, addressed as follows:

Jennifer A. Donnelli, Esq.
  jadonelli@bryancave.com
BRYAN CAVE LLP
1200 Main Street, Suite 3800
Kansas City, Missouri 64105

On this 27th day of April in the year 2015.


   /s/ Les Boyle
Les Boyle