IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AVERY HUTCHESON and DANYELLE HUTCHESON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| JPMORGAN CHASE BANK, N.A., | ) ) |
| Defendant. | ) ) |

Case No. 6:14-cv-03499-DPR

**SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CERTAIN COUNTS OF FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, TO STRIKE <u>COUNT III OF FIRST AMENDED COMPLAINT</u>**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), pursuant to Fed. R. Civ. P. 12(b)(6), has moved the Court to dismiss Counts I-III of the First Amended Complaint ("Complaint") of Plaintiffs Avery Hutcheson and Danyelle Hutcheson ("Plaintiffs") for failure to state a claim on which relief can be granted and/or for violating the Court's prior dismissal order, ECF 28.

Plaintiffs' Counts I and II allege discrimination/failure to accommodate under the Americans with Disabilities Act ("ADA") in connection with the servicing of Plaintiffs' residential mortgage loan by Chase. The Court gave extensive analysis to these claims in its dismissal order, ECF 28, and found that Plaintiffs could not show that the ADA applied to alleged discrimination in mortgage loan origination or servicing: "Plaintiffs also fail to state a claim under the ADA. Plaintiffs did not cite, and the Court is unable to locate, a provision in the ADA that prohibits disability discrimination in the context of real estate loan transactions." *See* ECF 28, at p. 5.

However, the Court held that "Title III of the ADA does not provide relief in this instance because Plaintiffs do not allege discrimination in a place of public accommodation." Id. When Plaintiffs filed the Amended Complaint, they now allege that Chase purportedly discriminated against them regarding a place of public accommodation: "Defendant is a private entity that holds itself out and offers its services nationwide to the general public and is a public accommodation within the meaning of Title III of the federal Americans with Disabilities Act (ADA)." *See* ECF 31, at ¶ 22.

There are no Missouri or Eighth Circuit cases applying Title III of the ADA, alleged discrimination in a place of public accommodation, to the servicing of a mortgage loan, including the forbearance or extension of a modification on an existing loan. Accordingly, Counts I and II should be dismissed for failure to state a claim.

The Court also should dismiss, or strike, Count III for alleged negligence. The Court's dismissal order plainly prohibited an amended negligence claim: "Plaintiffs are not permitted to file an amended negligence claim." ECF 28, at p. 8. In violation, Plaintiffs filed Count III. It should be dismissed or stricken from the case.

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss Counts I-III of Plaintiffs' First Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Alternatively, regarding Count III, the Court should strike the claim as in violation of ECF 28.

Respectfully submitted,

**BRYAN CAVE LLP**

By: s/ Jennifer A. Donnelli
    Jennifer A. Donnelli    MO #47755
    1200 Main Street, Suite 3800
    Kansas City, MO 64105
    (816) 374-3200 telephone
    (816) 374-3300 facsimile
    jadonnelli@bryancave.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This certifies that on the 26th day of May 2015, the foregoing was served via the Court's Electronic Case Filing System, which will send notice of the filing to the following counsel of record:

Les Boyle
Les Boyle, LLC
1911 South National Avenue, Suite 303
Springfield, MO 65804

ATTORNEY FOR PLAINTIFFS

s/ Jennifer A. Donnelli
Attorney for Defendant