IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AVERY HUTCHESON and ) | |
| DANYELLE HUTCHESON, ) | |
| ) | Case No. 6:14-cv-03499-DPR |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S (1) ANSWER TO COUNTS IV AND V OF FIRST AMENDED COMPLAINT AND (2) DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFFS**

Defendant JPMorgan Chase Bank, N.A. ("Chase") states and alleges the following for its Answer to Counts IV and V of the First Amended Complaint ("Complaint") of Plaintiffs Avery Hutcheson and Danyelle Hutcheson ("Plaintiffs"). Chase separately has moved to dismiss all other Counts of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief can be granted or, as to Count III, for violation of the Court's prior dismissal order, ECF 28. Accordingly, Chase does not address the allegations comprising the Counts for which dismissal has been sought.

Following its Answer, Chase states a Counterclaim against Plaintiffs.

## PARTIES

1. Chase is without sufficient information to form a belief as to the current residency of Plaintiff Avery Hutcheson and therefore must deny the allegations of Paragraph 1 of the Complaint for lack of information. Further answering, Chase admits that this Plaintiff is male.

2. Chase is without sufficient information to form a belief as to the current residency of Plaintiff Danyelle Hutcheson and therefore must deny the allegations of Paragraph 2 of the Complaint for lack of information. Further answering, Chase admits that this Plaintiff is female.

3. In response to the allegations of Paragraph 3 of the Complaint, Chase admits that Plaintiffs are married based on information available to Chase in March 2015.

4. Chase denies the allegations of Paragraph 4 of the Complaint and states that it is a national banking association and resident of the State of Ohio for purposes of diversity analysis. Chase admits that it does business in the State of Missouri.

5. In response to the allegations of Paragraph 5 of the Complaint, Chase admits that jurisdiction and venue over this matter are properly in this Court. Chase admits that it does business in Missouri but denies that it does business at the present time under any name other than JPMorgan Chase Bank, N.A. as relating to Plaintiffs' mortgage loan.

## JURISDICTION AND VENUE

6. Chase states that the allegations of Paragraph 6 of the Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case. Further answering, Chase admits that jurisdiction and venue over this matter are properly in this Court.

7. Chase is without sufficient information to form a belief as to the allegations of Paragraph 7 of the Complaint as they relate to Plaintiffs' current residency and therefore must deny them for lack of information. Chase admits that jurisdiction and venue over this matter are properly in this Court.

8. Chase states that the allegations of Paragraph 8 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s).

9. Chase states that the allegations of Paragraph 9 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s).

10. Chase admits the allegations of Paragraph 10 of the Complaint.

11. Chase states that the allegations of Paragraph 11 of the Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.

12. Chase states that the allegations of Paragraph 12 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s).

13. Chase admits the allegations of Paragraph 13 of the Complaint.

## **FACTS**

14. Chase is without sufficient information to form a belief as to the allegations of Paragraph 14 of the Complaint and therefore must deny them for lack of information.

15. Chase is without sufficient information to form a belief as to the allegations of Paragraph 15 of the Complaint and therefore must deny them for lack of information.

16. Chase states that the allegations of Paragraph 16 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s). Further answering, Chase is without sufficient information to form a belief as to the residency allegations of the Paragraph and therefore must deny them.

17. Chase states that the allegations of Paragraph 17 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s). Chase admits that it serviced a mortgage loan with Plaintiffs during the times relevant to the Complaint.

18. Chase is without sufficient information to form a belief as to the allegations of Paragraph 18 of the Complaint and therefore must deny them for lack of information.

19. Chase is without sufficient information to form a belief as to the allegations of Paragraph 19 of the Complaint and therefore must deny them for lack of information.

20. Chase states that the allegations of Paragraph 20 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s).

21. Chase states that the allegations of Paragraph 21 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s).

## COUNT IV:   BREACH OF ALLEGED CONTRACT

60. Chase states that the allegations of Paragraph 60 of the Amended Complaint comprise one or more legal conclusions to which no response is required.  To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.  Chase states that the legal conclusion(s) are based on one or more written document(s) that speak for themselves.  Chase denies any characterizations or mischaracterizations of the written document(s).

61. Chase states that the allegations of Paragraph 61 of the Amended Complaint comprise one or more legal conclusions to which no response is required.  To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.  Chase states that the legal conclusion(s) are based on one or more written document(s) that speak for themselves.  Chase denies any characterizations or mischaracterizations of the written document(s).

62. Chase states that the allegations of Paragraph 62 of the Complaint are based on one or more written document(s) that speak for themselves.  Chase denies any characterizations or mischaracterizations of the written document(s).

63. Chase states that the allegations of Paragraph 63 of the Complaint are based on one or more written document(s) that speak for themselves.  Chase denies any characterizations or mischaracterizations of the written document(s).

64. Chase states that the allegations of Paragraph 64 of the Complaint are based on one or more written document(s) that speak for themselves.  Chase denies any characterizations or mischaracterizations of the written document(s).

65. Chase states that the allegations of Paragraph 65 of the Amended Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.

66. Chase states that the allegations of Paragraph 66 of the Amended Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.

67. Chase states that the allegations of Paragraph 67 of the Amended Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.

68. Chase states that the allegations of Paragraph 68 of the Amended Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.

**COUNT V:   ALLEGED UNJUST ENRICHMENT**

70. Chase states that the allegations of Paragraph 70 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s).

71. Chase states that the allegations of Paragraph 71 of the Complaint are based on one or more written document(s) that speak for themselves. Chase denies any characterizations or mischaracterizations of the written document(s). Further answering, Chase

is without sufficient information to address the vague, generalized, and unspecific allegations of the Paragraph and therefore must deny them.

72. Chase denies the allegations of Paragraph 72 of the Complaint.

73. Chase states that the allegations of Paragraph 73 of the Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.

74. Chase states that the allegations of Paragraph 74 of the Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.

75. Chase states that the allegations of Paragraph 75 of the Complaint comprise one or more legal conclusions to which no response is required. To the extent an answer is deemed required, Chase denies application of the legal conclusions against its interests in this case.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. One or more Counts of the Complaint fail to state a claim on which relief can be granted.

2. Chase's liability for Plaintiffs' claims, if any, is reduced by the doctrines of comparative negligence or contributory fault.

3. Plaintiffs' claims are barred, in whole or in part or in whole, by the doctrines of waiver, estoppel, unclean hands, statutes of frauds, statute of limitations, failure to mitigate alleged damages, acquiescence, mistake, release, accord, laches, the economic loss

7

doctrine, and breach of underlying loan documents, including by a failure to cooperate regarding insurance loss claim proceeds.

4. Chase never employed conduct that was intentional, willful, wanton, or malicious, and never showed a complete indifference to or a conscious disregard of any rights such that it would be liable for punitive damages.

5. Plaintiffs' claim for punitive damages, if granted in the amount pled or any other amount, would be grossly excessive and would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Missouri Constitution. Chase has not received fair notice that it could be subject to substantial punitive damages in this state for the conduct alleged. Chase's alleged conduct was not deliberate and the damages, if any, to Plaintiffs were economic. The punitive damages sought by Plaintiffs are greatly disproportionate to any actual damages and far exceed any civil or criminal sanctions that could be imposed as similar alleged misconduct.

6. Plaintiffs' claim for punitive damages would violate the Eighth Amendment to the U.S. Constitution and the Missouri Constitution because it seeks to impose an excessive fine upon Chase, is penal in nature, and seeks to punish Chase upon vague standards.

7. Plaintiffs' claim for punitive damages would violate the Equal Protection Clause to the Fourteenth Amendment to the U.S. Constitution and the Missouri Constitution because it discriminates against Chase on the basis of wealth and because different amounts can be awarded against two or more defendants for the same act where those defendants differ only in material wealth.

8. Plaintiffs' claim for punitive damages violates the Due Process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and the Missouri Constitution because it seeks to punish Chase based on unconstitutionally vague standards.

9. Plaintiffs' claim for punitive damages would violate the Fifth Amendment to the U.S. Constitution and the Missouri Constitution because it would expose Chase to multiple punishments and fines for the same conduct.

10. Plaintiffs' claim for punitive damages violates the Due Process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Missouri Constitution in the absence of an order bifurcating that claim from the issue of liability.

11. Any award of punitive damages in this case would violate the Separation of Powers Doctrine since this Court or a jury would be usurping the exclusive power of the legislature to define crimes and establish punishment.

12. To the extent Plaintiffs seek punitive damages based at least in part on harm done to persons or entities other than Plaintiffs themselves, such an award would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Section 10 of the Missouri Constitution.

13. Chase reserves the right to amend or supplement the defenses it has to the Complaint as discovery in this case proceeds.

WHEREFORE, having fully answered Counts IV and V of the Complaint, this Defendant requests an order of the Court dismissing the claims or, alternatively, granting judgment in favor of this Defendant, and for such further and other relief, including an award of attorneys' fees and expenses under Plaintiffs' loan documents, as the Court deems just and appropriate.

9
KC01DOCS\1189415.1
Case 6:14-cv-03499-MDH    Document 39    Filed 05/26/15    Page 9 of 14

Chase states and alleges the following for its Counterclaim against Plaintiffs.

## COUNTERCLAIM

1. Jurisdiction and venue over this Counterclaim are properly in this Court. The Counterclaim concerns a dispute between the parties to the above-captioned proceeding relating to matters about a mortgage loan taken out by Plaintiffs and held and serviced by Chase during all relevant times.

2. Chase is the beneficiary under a Deed of Trust instrument that Plaintiffs executed on February 26, 2007 and that was recorded on March 5, 2007 with the Mississippi County, Missouri Recorder of Deeds in Book 547, Page 75. The Deed of Trust is attached hereto as Ex. A. An Assignment of the Deed of Trust, recorded on April 16, 2012 in Book 604, Page 486 with the Mississippi County, Missouri Recorder of Deeds, is attached hereto as Ex. B.

3. Plaintiffs' Deed of Trust granted a first-priority lien and security interest in certain residential property owned by Plaintiffs in Mississippi County, Missouri, as legally and commonly described in the Deed of Trust ("Property"). *See* Deed of Trust, Ex. A, at p. 3.

4. Plaintiffs' Deed of Trust secured their repayment of a mortgage loan taken out on February 26, 2007, as evidenced by a promissory Note that Plaintiffs executed and delivered in the original unpaid amount of $168,400. *See* Ex. A, at p. 1, Section (F).

5. In granting a lien interest in the Property, the Deed of Trust also required Plaintiffs to maintain, protect, and secure the Property for the benefit of Chase as collateral-holder of the Property.

6. The protections that Plaintiffs were required by the Deed of Trust to give the Property included maintaining hazard insurance to shield against losses at the Property, such as by fire.

10
KC01DOCS\1189415.1
Case 6:14-cv-03499-MDH    Document 39    Filed 05/26/15    Page 10 of 14

7. During the relevant timeframe, the Property was covered by a homeowner's insurance policy that named Plaintiffs and Chase or its affiliate as interested parties benefitting if there was a covered loss under the policy.

8. On or about December 27, 2011, a significant fire loss occurred at the Property that resulted in its destruction/demolition. Upon information and belief, repairs to the Property were not feasible. Plaintiffs did not rebuild or repair the Property but, shortly after the fire, moved to a different residence.

9. Plaintiffs then made a claim under their homeowners' policy that eventually was accepted by the insurance company, which paid out on the loss.

10. The insurance company issued a check jointly payable to Plaintiffs and Chase in the amount, upon information and belief, of $175,934.

11. Plaintiffs' Deed of Trust provided that Chase has a first-priority lien and security interest in the proceeds of any accepted claim for a loss under Plaintiffs' homeowners' insurance policy. *See* Deed of Trust, Ex. A, at §§ 2 ("Any application of payments, insurance proceeds …"), 5, 11. The Deed of Trust required Plaintiffs to promptly notify Chase of the fire loss at the Property on or about December 11, 2011 and to cooperate with Chase in the handling of insurance loss proceeds. *See* Deed of Trust, Ex. A, at §§ 5, 11.

12. Plaintiffs never endorsed the insurance check and never delivered it to Chase. Plaintiff never made the funds represented by the check available to Chase.

13. Beginning in 2010 or shortly thereafter, Plaintiffs came to be in default of their repayment obligations under the Note and Deed of Trust. Chase, through its foreclosure firm, accelerated the debt of Plaintiffs' Note in 2012. Plaintiffs have never paid Chase the accelerated amount of the debt, and it remains outstanding today.

14. Despite demand from Chase for cooperation regarding the insurance proceeds check, Plaintiffs have refused to cooperate and have remained in control of the insurance check/loss proceeds from the time of their receipt of the proceeds through the present.

15. Chase is without an adequate remedy at law because it is not the insured homeowner under the applicable insurance policy. Upon information and belief, Plaintiffs hired an attorney to negotiate a dispute with the insurance company to resolution. Upon information and belief, that dispute has been resolved and the insurance company is willing to issue a new insurance proceeds check to replace the now-stale and unusable check that was jointly payable to Chase and Plaintiffs. However, upon information and belief, the insurance company will not issue a new check without cooperation from Plaintiffs, which has not been given.

## COUNT I
## SEEKING DECLARATORY JUDGMENT

16. Chase incorporates herein all foregoing allegations.

17. Chase seeks a judicial declaration under RSMo. § 527.010 as a party whose right, status, or other legal relations are affected by the insurance proceeds from Plaintiffs' insurance claim on the December 2011 fire. Chase has a legally-protected interest in the proceeds under Sections 2, 5, and 11, among others, of Plaintiffs' Deed of Trust.

18. A justiciable controversy exists between the parties. Chase believes that, due to the controversy described in the underlying Complaint, the respective interests asserted by Plaintiffs and Chase are best served by the Court entering a decree that the insurance proceeds should be re-issued, through cooperation by Plaintiffs, by the insurance company and then transmitted without reservation by Plaintiffs to Chase for payment towards the debt of the Note.

19. Chase seeks an order of this Court: declaring that Chase's right to the insurance proceeds is superior to Plaintiffs; and declaring that the Deed of Trust requires

12

KC01DOCS\1189415.1

Case 6:14-cv-03499-MDH   Document 39   Filed 05/26/15   Page 12 of 14

Plaintiffs to obtain a re-issued insurance claim check jointly payable to Chase and Plaintiffs in the amount of $175,934; and to transmit all right to the check to Chase.

20. The matter is appropriate and ripe for judicial resolution. Chase is without an adequate remedy to obtain the insurance proceeds the insurance company has already agreed to pay Plaintiffs and Chase on the covered claim.

## COUNT II
## SEEKING SPECIFIC PERFORMANCE

21. Chase incorporates herein all foregoing allegations.

22. Plaintiffs' obligations under their Deed of Trust, a valid unilateral contract executed by Plaintiffs in taking out the mortgage loan at issue in this case, required them to cooperate with Chase in the handling of an insurance claim and for Plaintiffs to recognize Chase's first-priority lien and security interest in the proceeds, a superior interest to the interest of Plaintiffs if the proceeds existed at a time when Plaintiffs' loan was in default.

23. Plaintiffs have failed to comply with their obligations under the Deed of Trust regarding the insurance proceeds. Plaintiffs' loan is and has been since on or about 2010 in monetary default.

24. Chase seeks an order directing Plaintiffs to obtain from the insurance carrier a replacement check jointly payable to Plaintiffs in the amount of $175,934 and for Plaintiffs to negotiate the check to Chase for its application towards the debt of Plaintiffs' Note without reservation by Plaintiffs.

25. Chase is without an adequate remedy to obtain the insurance proceeds the insurance company has already agreed to pay Plaintiffs and Chase on the covered claim.

26. Chase has performed any obligations it has, if any, regarding the insurance proceeds.

WHEREFORE, JPMorgan Chase Bank, N.A. seeks a judicial declaration and order of specific performance in accordance with the allegations and request above, and for such further and other relief as the Court deems just and proper, including for an award of Chase's legal fees and expenses under Plaintiffs' Deed of Trust.

**Respectfully submitted,**

**BRYAN CAVE LLP**

By: s/ Jennifer A. Donnelli
    Jennifer A. Donnelli    MO #47755
    1200 Main Street, Suite 3800
    Kansas City, MO 64105
    (816) 374-3200 telephone
    (816) 374-3300 facsimile
    jadonnelli@bryancave.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This certifies that on the 26th day of May 2014, the foregoing was served via the Court's Electronic Case Filing System, which will send notice of the filing to the following counsel of record:

Les Boyle
Les Boyle, LLC
1911 South National Avenue, Suite 303
Springfield, MO 65804

ATTORNEY FOR PLAINTIFFS

s/ Jennifer A. Donnelli
Attorney for Defendant